IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TRAVER COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-cv-03058 |
| CITY OF VIRDEN and HAROLD E. GIST, | ) ) ) ) |
| Defendants. | ) ) |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants' Motion to Dismiss. (Doc. 7).

On June 21, 2022, Plaintiff alleges Defendant Harold Gist, a police officer for the City of Virden, twice struck his SUV into Plaintiff's motorcycle, causing injuries to Plaintiff. (*See* Doc. 1). On March 11, 2024, Plaintiff filed his Complaint alleging the following claims against Defendants: Count I—Section 1983 Civil Rights Claim; Count II—Battery; Count III—Intentional Infliction of Emotional Distress; Count IV—Respondeat Superior; and Count V—Indemnification for any Tort Judgment. (*Id.*).

On April 12, 2024, Defendants filed their Motion to Dismiss, arguing Counts II, III, IV, and V should be dismissed because common law claims against municipalities and their employees are subject to a one-year statute of limitations. (*See* Docs. 7, 8). On April 26, 2024, Plaintiff filed his Response wherein he explicitly agrees his state law claims against Defendants should be dismissed based on the one-year statute of limitations. (*See* Doc. 10). However, Plaintiff argues the Court should not dismiss Count V

(Indemnification) because the statute of limitations for an indemnification claim against a municipality does not start running until there is a judgment entered against the municipality's employee. (*Id.*).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." *Id*. A plausible claim is one that alleges factual content from which the court can reasonably infer that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff claims are governed by the Illinois Local Governmental Tort Immunity Act 745 ILCS 10/1-101 *et seq*. Claims against municipalities and their employees are subject to a one year statute of limitations. 745 ILCS 10/8-101. In this case, Plaintiff filed his Complaint on March 11, 2024, nearly 22 months after the alleged collision with Defendant Harold on June 21, 2022. Plaintiff agrees that his state law claims are time-barred. Therefore, the Court dismisses Counts II, III, and IV with prejudice.

As it relates to Count V (Indemnification), Defendant argue for dismissal because the one-year statue of limitations has run on Plaintiff's state law claims. However, as Plaintiff points out, the statute of limitations for a § 1983 indemnity claim does not begin to accrue until judgment has been entered against the employee. *Esparza v. Dart*, No. 14-

CV-1390, 2014 U.S. Dist. LEXIS 155944, 2014 WL 5628050, at *3 (N.D. Ill. Nov. 4, 2014). *Roldan v. Town of Cicero*, No. 17-cv-3707, 2019 U.S. Dist. LEXIS 51013, at *18 (N.D. Ill. Mar. 27, 2019) (dismissing plaintiff's state law claims based on one-year statute of limitations but allowing indemnification claim based on possible § 1983 liability to proceed); *see also Holliman v. Cook County*, No. 15-cv-9050, 2016 U.S. Dist. LEXIS 120279, at *10 (N.D. Ill. Sep. 6, 2016) ("Because Plaintiff's Section 1983 claims are still pending, the statute of limitations on his indemnification claim has not begun to run."). As Plaintiff's § 1983 claim remains pending against Defendants, the statute of limitations on Plaintiff's indemnification claim relating to Count I has not started. Accordingly, Defendants' Motion to Dismiss is denied as it relates to Count I.

For these reasons, Defendants' Motion to Dismiss (Doc. 7) is GRANTED in part and DENIED in part. Counts II, III, and IV are dismissed with prejudice.

ENTER: May 3, 2024

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE